UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN EXPRESS FINANCIAL
ADVISORS, INC.,

    Plaintiff,

v.

NEIL H. GENDREAU,

    Defendant.

Civil Action No.

**04-40221**

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Defendant Neil Gendreau ("Gendreau") claims he terminated his affiliation with American Express Financial Advisors, Inc. ("AEFA") on October 8, 2004. However, he did not bother to tell AEFA. Instead, he merely registered to do business with, and started doing business for, his new employer, NFP Securities, Inc.

AEFA did not learn of Gendreau's termination until almost a week later. When AEFA's local Field Vice President, Jack Henehan ("Henehan"), learned of Gendreau's career change, he contacted Gendreau and requested that he return all AEFA's property, including client files and other proprietary and confidential information, Gendreau refused. Indeed, on October 20, 2004, Gendreau told Henehan that he would not return any information, despite his contractual obligations to do so, until a court told him to do so, and to date has kept his word and AEFA's confidential client information. Henehan Decl., ¶ 23.

Gendreau's affiliation with AEFA was controlled by the American Express Financial Advisors Inc. Independent Advisor Business Franchise Agreement (the Gendreau "Franchise Agreement"), which clearly identified Gendreau's obligations upon his termination of that affiliation. Accordingly,

AEFA now requests this Court grant its motion and compel Gendreau to return that information that he has improperly retained and cease using AEFA's telephone numbers and other markings. AEFA further requests an injunction preventing Gendreau from improperly soliciting AEFA's clients in violation of his contractual obligation. By issuing the requested relief, the Court will preserve the *status quo* pending a hearing and decision before the National Association of Securities Dealers, Inc.[1]

As discussed more fully in its Memorandum in Support of Motion for Preliminary Injunctive Relief, AEFA respectfully requests that this Court grant its request for an immediate injunction to prevent Gendreau from improperly retaining confidential client information that he is not entitled to possess, and prevent

---

[1] Because the parties in this matter are members of, or affiliated with, the National Association of Securities Dealers ("NASD"), this motion is the one and only time this Court should have contact with this matter. Through this motion, AEFA seeks to preserve the status quo until this dispute is heard by an arbitration panel of the NASD. If, and only if, this Court enters injunctive relief, the NASD rules mandate that, no later than 15 days after an injunction is issued, an expedited hearing will be held by the assembled panel. Should the Court deny injunctive relief, however, the matter will proceed through the NASD's non-expedited arbitration process. Accordingly, in compliance with the NASD rules, AEFA is filing a claim for arbitration with the NASD. The NASD will have ongoing jurisdiction over this dispute because both Defendants were registered brokers and had executed NASD Form U-4 which provides for arbitration of disputes. Under the NASD's Code of Arbitration Procedure, and specifically Rule 10201, all disputes between NASD member firms, such as AEFA, and associated persons of NASD member firms, such as Gendreau, must be submitted for mandatory arbitration before the NASD. However, the NASD's procedures specifically require a party seeking a temporary injunction relief to do so *first* from a Court, so that the *status quo* will be maintained while expedited proceedings are sought before the NASD. *See* NASD Code of Arbitration Procedure, Rule 10335, Exhibit A to the Affidavit of Alex Hahn ("Hahn Aff."). This rule recognizes the fact that injunctive relief before a Court is usually considered and ruled on within a matter of days or hours, whereas similar proceedings before the NASD, even on an expedited basis, may take much longer. Once the Court issues temporary injunctive relief, the NASD rules specifically require that a hearing for continuing injunctive relief must be commenced by the NASD within *fifteen days* of the date of any order granting a temporary injunctive order. Rule 10335(b)(1).

Gendreau from stealing AEFA's clients, destroying AEFA's goodwill, and misappropriating AEFA's confidential information.

>Respectfully submitted,
>AMERICAN EXPRESS FINANCIAL
>ADVISORS, INC.
>
>By its attorneys,
>
>_____
>Anthony A. Scibelli (BBO #556507)
>C. Alex Hahn (BBO #634133)
>Scibelli and Whiteley, LLP
>Old City Hall
>45 School Street, 3rd Floor
>Boston, MA 02108
>(617) 227-5725
>
>-and-
>
>Edward B. Magarian (MN No. 49219)
>Todd W. Schnell (MN No. 252256)
>DORSEY & WHITNEY, LLP
>50 South Sixth Street, Suite 1500
>Minneapolis, Minnesota 55402
>(612) 340-2600

DATED: October 27, 2004