UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 OCT 27 P 3: 02

U.S. DISTRICT C...
DISTRICT OF M...

| | |
|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEIL H. GENDREAU, <br><br> Defendant. | Civil Action No. <br><br> **04-40221** |

### AFFIDAVIT OF ALEX HAHN, ESQ.

I, Alex Hahn, hereby depose on oath and state as follows:

1. I am a member of the bar in good standing in the Commonwealth of Massachusetts. I am local counsel for the plaintiff American Express Financial Advisors, Inc.

2. Attached hereto as Exhibit A is a true and accurate copy of Rule 10335 of the National Association of Securities Dealers, Inc.'s ("NASD") Code of Arbitration Procedure. Rule 10335 governs temporary and permanent injunctive relief. Attached hereto as Exhibit B is a true and accurate copy of NASD Notice to Members 02-13, providing commentary on the enactment of Rule 10335.

3. Attached hereto as Exhibit C is a true and correct copy of the Statement of Claim filed with the NASD.

4. Attached hereto as Exhibit D is a true and correct copy of American Express Financial Advisors, Inc. v. Walker, No. CIV.A. 98-01673, 1998 WL 754620 (Mass. Super. Oct. 28, 1998).

5. Attached hereto as Exhibit E is a true and correct copy of Merrill Lynch v. Patinkin, No. 91 C 2324, 1991 WL 83163 (N.D. Ill. May 9, 1991).

6. Attached hereto as Exhibit F is a true and correct copy of Prudential Insurance Co. of America v. Tracia, No. 20024369C, 2002 WL 31862713 (Mass. Super. Ct. Nov. 12, 2002).

Signed under the pains and penalties of perjury this 26 day of October, 2004.

_____
Alex Hahn, Esq.



**10335. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief**

(a) Temporary Injunctive Orders

(1) In industry or clearing disputes required to be submitted to arbitration pursuant to Rule 10201, parties may seek a temporary injunctive order, as defined in paragraph (a)(2) of this Rule, from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this Rule has not yet begun.

(2) For purposes of this Rule, temporary injunctive order means a temporary restraining order, preliminary injunction or other form of initial, temporary injunctive relief.

(3) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration pursuant to Rule 10201 shall simultaneously file with the Director a Statement of Claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under this Code. The party seeking temporary injunctive relief shall also serve the Statement of Claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the Statement of Claim is filed with the Director. Filings and service under this Rule shall be made by facsimile, overnight delivery service or messenger. Service shall be made on all parties at the same time and in the same manner, unless the parties agree otherwise. A party obtaining a court-issued temporary injunctive order shall notify the Director and the other parties of the issuance of the order within one business day.

(4) Unless otherwise stated, for purposes of computation of time under any paragraph of this Rule, any reference to days means calendar days, including Saturdays, Sundays or any NASD holiday. However, if a party must provide notice or a response to the Director and the day on which that notice or response to the Director must be given falls on a Saturday, Sunday or any NASD holiday, then the time period is extended until the next business day.

(b) Hearing on Request for Permanent Injunctive Relief

(1) Scheduling of Hearing

If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief shall begin within 15 days of the date the court issues the temporary injunctive order. If the 15th day falls on a Saturday, Sunday, or NASD holiday, the 15-day period shall expire on the next business day. Unless the parties agree otherwise, a hearing lasting more than one day shall be held on consecutive days when reasonably possible. The Director shall provide to all parties notice of the date, time and place of the hearing at least three days prior to the beginning of the hearing.

(2) Composition of Arbitration Panel

The hearing on the request for permanent injunctive relief shall be heard by a panel of three arbitrators, who shall either be all non-public arbitrators as defined in Rule 10308(a)(4), or, if the underlying dispute would be heard by a public arbitrator or panel consisting of a majority of public arbitrators under Rule 10202, a majority of public arbitrators as defined in Rule 10308(a)(5).

(3) Selection of Arbitrators and Chairperson

(A) (i) In cases in which all of the members of the arbitration panel are non-public under paragraph (b)(2) of this Rule, the Director shall generate and provide to the parties a list of seven arbitrators from a national roster of arbitrators. The Director shall send to the parties the employment history for the past 10 years for each listed arbitrator and other background information. At least three of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise one strike to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrator, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Direct shall consolidate the parties'

rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(B)  (i) In cases in which the panel of arbitrators consists of a majority of public arbitrators under paragraph (b)(2) of this Rule, the Director shall generate and provide to the parties a list of nine arbitrators from a national roster of arbitrators. The Director shall send to the parties employment history for the past 10 years for each listed arbitrator and other background information. At least a majority of the arbitrators listed shall be public arbitrators, and at least four of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise two strikes to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrators, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Director shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(C)  (i) Each party shall inform the Director of its preference of chairperson of the arbitration panel by the close of business on the next business day after receiving notice of the panel members.

(ii) If the parties do not agree on a chairperson within that time, the Director shall select the chairperson. In cases in which the panel consists of a majority of public arbitrators, the Director shall select a public arbitrator as chairperson. Whenever possible, the Director shall select as chairperson the lawyer with experience litigating cases involving injunctive relief whom the parties have ranked the highest.

(D) The Director may exercise discretionary authority and make any decision that is consistent with the purposes of this Rule and Rule 10308 to facilitate the appointment of arbitration panels and the selection of chairperson.

(4) Applicable Legal Standard

The legal standard for granting or denying a request for permanent injunctive relief is that of the state where the events upon which the request is based occurred, or as specified in an enforceable choice of law agreement between the parties.

(5) Effect of Pending Temporary Injunctive Order

Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit the parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order.

(6) Fees, Costs and Expenses, and Arbitrator Honorarium

(A) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in the hearing on the request for permanent injunctive relief. The arbitrators may reallocate such costs and expenses among the parties in the award.

(B) The party seeking injunctive relief shall pay the expedited hearing fees pursuant to Rule 10205(h), or, where both sides seek such relief, both parties shall pay such fees. In either event, however, the arbitrators may reallocate such fees among the parties in the award.

(C) Notwithstanding any other provision in the Code, the chairperson of the panel hearing a request for permanent injunctive relief pursuant to this Rule shall receive an honorarium of $375 for each single session, and $700 for each double session, of the hearing. Each other member of the panel shall receive an honorarium of $300 for each single session, and $600 for each double session, of the hearing. The parties shall equally pay the difference between these amounts and the amounts panel members and the chairperson receive under the Code pursuant to IM-10104. The arbitrators may

reallocate such amount among the parties in the award.

(c) Hearing on Damages or other Relief

(1) Upon completion of the hearing on the request for permanent relief, the panel, may, if necessary, set a date for any subsequent hearing on damages or other relief, which shall be held before the same panel of arbitrators and which shall include, but not be limited to, the same record.

(2) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in any subsequent hearings on damages or other relief. The arbitrators may reallocate such costs and expenses among the parties in the award.

(d) Effective Date

This Rule shall apply to arbitration claims filed on or after March 25, 2002. Except as otherwise provided in this Rule, the remaining provisions of the Code shall apply to proceedings instituted under this Rule.

*[Adopted by SR-NASD-93-38 eff. Jan. 3, 1996; amended by SR-NASD-96-44 eff. Dec. 20, 1996; amended by SR-NASD-97-87 eff. Jan. 3, 1998; amended by SR-NASD-98-42 eff. June 24, 1998; amended by SR-NASD-98-97 eff. Dec. 28, 1998; amended by SR-NASD-99-27 eff. June 16, 1999; amended by SR-NASD-99-72 eff. Dec. 28, 1999; amended by SR-NASD-00-75 eff. Jan. 5, 2001; amended by SR-NASD-00-02 eff. Mar. 25, 2002.]*



# NASD Notice to Members 02-13

**INFORMATIONAL**

## Injunctive Relief

SEC Approves Permanent Injunctive Relief Rule

**SUGGESTED ROUTING**

*The Suggested Routing function is meant to aid the reader of this document. Each NASD member firm should consider the appropriate distribution in the context of its own organizational structure.*

- Executive Representatives
- Legal & Compliance
- Registered Representatives
- Senior Management
- Training

**KEY TOPIC**

- Account Transfers
- Arbitration
- Employment Disputes
- Injunctions

### Executive Summary

The Securities and Exchange Commission (SEC or Commission) has approved amendments to Rule 10335 of the NASD Code of Arbitration Procedure (Code) governing injunctive relief in intra-industry disputes.[1] The amendments, which substantially modify the existing pilot rule and make it a permanent part of the Code, will apply to all claims filed on or after March 25, 2002.

Under the permanent rule, temporary injunctive relief is not available in arbitration. Parties in intra-industry cases may seek temporary injunctive relief in a court of competent jurisdiction. If a court orders temporary injunctive relief, the permanent rule requires an expedited hearing in arbitration on the underlying dispute before a panel of three arbitrators. To expedite the hearing on the merits when a court has granted temporary injunctive relief, the permanent rule provides a shortened time frame for arbitrator selection. The rule also clarifies the impact of a pending court order on the underlying arbitration, and provides guidance regarding the substantive legal standard applicable to requests for permanent injunctive relief.

The SEC also approved amendments to Rule 10205(h) to conform the injunctive relief fee provision to the permanent rule.

The text of the rule change described in this *Notice* is included as Attachment A.

### Questions/Further Information

Questions regarding this *Notice* may be directed to Laura Gansler, Counsel, NASD Dispute Resolution, Inc., at (202) 728-8275.

### Discussion

#### Background

Rule 10335 of the Code provides procedures for obtaining interim injunctive relief in controversies involving member firms and associated persons in arbitration. Rule 10335 was adopted in 1996 as a one-year pilot rule. The pilot has been extended periodically, and was recently extended to July 1, 2002, pending SEC approval of the permanent rule. The amendments described in this *Notice* supersede the pilot rule, and make Rule 10335 a permanent part of the Code.

#### Elimination Of Temporary Injunctive Relief In Arbitration

Under the pilot rule, parties to intra-industry arbitrations could seek temporary injunctive relief either within the arbitration process or from a court of competent jurisdiction. Under the permanent rule, parties may no longer seek temporary injunctive relief in arbitration, but may still seek such relief in court.

As under the current pilot rule, parties seeking temporary injunctive relief in court must simultaneously file in arbitration a Statement of Claim requesting permanent injunctive relief, and any other permanent relief, including damages. They must also serve the Statement of Claim on all other parties at the same time and in the same manner in which it was filed with the Director of Arbitration, unless the parties agree otherwise. Filings and service under the rule must be made by facsimile, overnight delivery service, or messenger.

Parties to a pending arbitration may seek a temporary injunctive order in court even if another party

# NASD Notice to Members 02-13

has already filed a claim arising from the same dispute in arbitration, so long as the arbitration hearing on a request for permanent injunctive relief has not begun.

### Hearing On Request For Permanent Relief

Under the permanent rule, if a court orders temporary injunctive relief, the hearing on the request for permanent injunctive relief must begin within 15 days of the date the court order was issued. Unless the parties agree otherwise, hearings lasting more than one day will be held on consecutive days, if reasonably possible.

### Selection Of Arbitrators For Hearing On Permanent Relief

Under the new rule, a panel of three arbitrators will conduct the hearing on a request for permanent injunctive relief. In cases in which the underlying dispute would be heard by a panel of non-public arbitrators as defined in NASD Rule 10308(a)(4), the three arbitrators will be non-public. In cases in which the underlying dispute would be heard by a public arbitrator or panel consisting of a majority of public arbitrators under NASD Rule 10202, the three-arbitrator panel hearing the request for permanent relief will consist of a majority of public arbitrators as defined in NASD Rule 10308(a)(5).

In cases in which all of the members of the arbitration panel are non-public, the Director of Arbitration will generate and provide to the parties a list of seven non-public arbitrators from a national roster of arbitrators. Three of the arbitrators on the list will be lawyers with experience litigating cases involving injunctive relief. The Director will also send the employment history for the past 10 years for each listed arbitrator and other background information. Each party may exercise one strike to the arbitrators on the list.[2]

In cases in which the panel of arbitrators consists of a majority of public arbitrators, the Director of Arbitration will generate and provide to the parties a list of nine arbitrators from a national roster of arbitrators. A majority of the listed arbitrators will be public arbitrators, and four of the listed arbitrators will be lawyers with experience litigating cases involving injunctive relief. The arbitrators with experience litigating cases involving injunctive relief may be public, non-public, or a combination. The Director will also send the employment history for the past 10 years for each listed arbitrator and other background information. Each party may exercise two strikes to the arbitrators on the list – one for the public arbitrator list and one for the non-public list.[3]

Within three days of receiving the lists, the parties must return the lists to the Director, indicating which arbitrators they are striking, if any, and ranking the remaining arbitrators in order of preference. When the lists are returned, the Director will consolidate the parties' rankings, and will appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification. As under Rule 10308, public and non-public arbitrators must be ranked and consolidated separately.

The rule also provides that the Director may exercise discretionary authority to make any decision that is consistent with the purposes of the rule and Rule 10308 to facilitate the appointment of arbitration panels and the selection of the chairperson.

### Chairperson Appointment

Under the permanent rule, the parties must notify the Director of their preference for chairperson of the panel within one business day after receiving notice of the names of the panel members. If the parties do not agree on a chairperson within that time, the Director will select the chairperson. In cases in which the panel consists of a majority of public arbitrators, the Director will select a public arbitrator as chairperson. Whenever possible, the Director will select as chairperson the lawyer with experience litigating cases involving injunctive relief whom the parties have ranked the highest.

### Applicable Legal Standard

The permanent rule clarifies that the appropriate legal standard for granting or denying a request for permanent injunctive relief is that of the state where the underlying events occurred, or as specified in an enforceable choice of law agreement between the parties.

### Effect Of Pending Temporary Injunctive Order

The permanent rule provides that if a court-issued temporary injunctive order is in effect at the time the hearing on the request for permanent injunctive relief begins, the arbitrators may not, until they have heard a full and fair presentation of the evidence from all relevant parties, order the parties to move the court jointly to modify or dissolve the order, or prohibit a party from seeking an extension of the court order. This provision does not limit the authority of arbitrators to order any permanent relief, injunctive or otherwise, that does not conflict with a pending court order. Moreover, because this provision

# NASD Notice to Members 02-13

only applies to pending court orders, it does not apply to instances in which a court order expires by its own terms when arbitration begins, or when a court explicitly confers authority on arbitrators to modify, amend or dissolve an order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order.

### Subsequent Hearings On Damages Or Other Relief

The permanent rule provides that, after the expedited hearing on a request for permanent injunctive relief, the panel may determine that additional hearings are necessary to decide requests for damages and other relief. The arbitrators are not required to schedule such hearings if they can decide all claims based on the evidence presented at the hearing on the request for permanent injunctive relief. However, in some cases, the arbitrators may decide that, given the expedited nature of the hearing on the request for permanent injunctive relief, additional time is necessary to allow the parties to gather and present all relevant evidence on any remaining issues. If the arbitrators decide that any subsequent hearings are necessary, the arbitrators will decide the time and place of such hearings. Any subsequent hearings will be before the same arbitrators, if reasonably possible, and will include, but will not be limited to, the same record.

### Fees And Honoraria

In order to fill a panel to hear requests for permanent relief within the shortened time frame provided by the rule, arbitrators will occasionally be required to travel to hearing locations other than their primary hearing location. Under the new rule, the parties would jointly bear the reasonable travel-related costs and expenses of the arbitrators who have to travel to hear the request for permanent injunctive relief.

In addition, the chairperson of the panel hearing a request for permanent injunctive relief pursuant to the rule will receive an honorarium of $375 for each single session, and $700 for each double session, of the hearing. Each other member of the panel will receive an honorarium of $300 for each single session, and $600 for each double session, of the hearing. The rule provides that the parties will equally pay the difference between these amounts and the amounts panel members and the chairperson would otherwise receive under the Code.

The rule also provides that the party seeking injunctive relief would pay the expedited hearing fees pursuant to Rule 10205(h), or, where both sides seek such relief, both parties shall pay such fees. Rule 10205(h) has also been amended to clarify that a party seeking temporary injunctive relief in court must pay a $2,500 surcharge when it files its Statement of Claim and request for permanent relief as required by Rule 10335. If both sides seek such relief, both parties must pay such fees.

The arbitrators may reallocate any of the fees and costs incurred under this rule.

### Effective Date

The amendments described in this *Notice* will apply to all claims filed on or after March 25, 2002.

### Endnotes

1. Exchange Act Release No. 45261 (January 8, 2002) (File No. SR-NASD-02-02), 67 Federal Register 2258 (January 16, 2002).

2. Parties may also challenge for cause arbitrators who should be disqualified due to conflicts of interest or for other reasons.

3. See Note 2.

*© 2002 National Association of Securities Dealers, Inc. (NASD). All rights reserved. Notices to Members attempt to present information to readers in a format that is easily understandable. However, please be aware that, in case of any misunderstanding, the rule language prevails.*

# NASD Notice to Members 02-13

## ATTACHMENT A

### Rules of the Association

\* \* \* \* \*

### Code of Arbitration Procedure

### 10205. Schedule of Fees for Industry and Clearing Controversies

(a)-(g) Unchanged.

(h) A party seeking a temporary injunctive order in court pursuant to Rule 10335 shall pay a total non-refundable surcharge of $ 2,500 at the time the party files its Statement of Claim and Request for Permanent Relief as required by Rule 10335. Where more than one party seeks such relief, all such parties shall pay the surcharge. The arbitrator may determine that a party shall reimburse another party for part or all of any non-refundable surcharge it has paid. These surcharge fees shall be in addition to all other non-refundable filing fees, hearing deposits, or costs which may be required.

(i)-(k) Unchanged.

\* \* \* \* \*

### 10335. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief

(a) Temporary Injunctive Orders

(1) In industry or clearing disputes required to be submitted to arbitration pursuant to Rule 10201, parties may seek a temporary injunctive order, as defined in paragraph (a)(2) of this Rule, from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this Rule has not yet begun.

(2) For purposes of this Rule, temporary injunctive order means a temporary restraining order, preliminary injunction or other form of initial, temporary injunctive relief.

(3) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration pursuant to Rule 10201 shall simultaneously file with the Director a Statement of Claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under this Code. The party seeking temporary injunctive relief shall also serve the Statement of Claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the Statement of Claim is filed with the Director. Filings and service under this Rule shall be made by facsimile, overnight delivery service or messenger. Service shall be made on all parties at the same time and in the same manner, unless the parties agree otherwise. A party obtaining a court-issued temporary injunctive order shall notify the Director and the other parties of the issuance of the order within one business day.

## NASD Notice to Members 02-13

(4) Unless otherwise stated, for purposes of computation of time under any paragraph of this Rule, any reference to days means calendar days, including Saturdays, Sundays or any NASD holiday. However, if a party must provide notice or a response to the Director and the day on which that notice or response to the Director must be given falls on a Saturday, Sunday or any NASD holiday, then the time period is extended until the next business day.

(b) Hearing on Request for Permanent Injunctive Relief

(1) Scheduling of Hearing.

If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief shall begin within 15 days of the date the court issues the temporary injunctive order. If the 15th day falls on a Saturday, Sunday, or NASD holiday, the 15-day period shall expire on the next business day. Unless the parties agree otherwise, a hearing lasting more than one day shall be held on consecutive days when reasonably possible. The Director shall provide to all parties notice of the date, time and place of the hearing at least three days prior to the beginning of the hearing.

(2) Composition of Arbitration Panel

The hearing on the request for permanent injunctive relief shall be heard by a panel of three arbitrators, who shall either be all non-public arbitrators as defined in Rule 10308(a)(4), or, if the underlying dispute would be heard by a public arbitrator or panel consisting of a majority of public arbitrators under Rule 10202, a majority of public arbitrators as defined in Rule 10308(a)(5).

(3) Selection of Arbitrators and Chairperson

(A)     (i) In cases in which all of the members of the arbitration panel are non-public under paragraph (b)(2) of this Rule, the Director shall generate and provide to the parties a list of seven arbitrators from a national roster of arbitrators. The Director shall send to the parties the employment history for the past 10 years for each listed arbitrator and other background information. At least three of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise one strike to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrator, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Direct shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(B)     (i) In cases in which the panel of arbitrators consists of a majority of public arbitrators under paragraph (b)(2) of this Rule, the Director shall generate and provide to the parties a list of nine arbitrators from a national roster of arbitrators. The Director shall send to the parties employment history for the past 10 years for each listed arbitrator and other background information. At least a majority of the arbitrators listed shall be public arbitrators, and at least four of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

# NASD Notice to Members 02-13

(ii) Each party may exercise two strikes to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrators, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Director shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(C)   (i) Each party shall inform the Director of its preference of chairperson of the arbitration panel by the close of business on the next business day after receiving notice of the panel members.

(ii) If the parties do not agree on a chairperson within that time, the Director shall select the chairperson. In cases in which the panel consists of a majority of public arbitrators, the Director shall select a public arbitrator as chairperson. Whenever possible, the Director shall select as chairperson the lawyer with experience litigating cases involving injunctive relief whom the parties have ranked the highest.

(D) The Director may exercise discretionary authority and make any decision that is consistent with the purposes of this Rule and Rule 10308 to facilitate the appointment of arbitration panels and the selection of chairperson.

(4) Applicable Legal Standard

The legal standard for granting or denying a request for permanent injunctive relief is that of the state where the events upon which the request is based occurred, or as specified in an enforceable choice of law agreement between the parties.

(5) Effect of Pending Temporary Injunctive Order

Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit the parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order.

(6) Fees, Costs and Expenses, and Arbitrator Honorarium.

(A) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in the hearing on the request for permanent injunctive relief. The arbitrators may reallocate such costs and expenses among the parties in the award.

(B) The party seeking injunctive relief shall pay the expedited hearing fees pursuant to Rule 10205(h), or, where both sides seek such relief, both parties shall pay such fees. In either event, however, the arbitrators may reallocate such fees among the parties in the award.

# NASD Notice to Members 02-13

(C) Notwithstanding any other provision in the Code, the chairperson of the panel hearing a request for permanent injunctive relief pursuant to this Rule shall receive an honorarium of $375 for each single session, and $700 for each double session, of the hearing. Each other member of the panel shall receive an honorarium of $300 for each single session, and $600 for each double session, of the hearing. The parties shall equally pay the difference between these amounts and the amounts panel members and the chairperson receive under the Code pursuant to IM-10104. The arbitrators may reallocate such amount among the parties in the award.

(c) Hearing on Damages or other Relief.

(1) Upon completion of the hearing on the request for permanent relief, the panel, may, if necessary, set a date for any subsequent hearing on damages or other relief, which shall be held before the same panel of arbitrators and which shall include, but not be limited to, the same record.

(2) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in any subsequent hearings on damages or other relief. The arbitrators may reallocate such costs and expenses among the parties in the award.

(d) Effective Date

This Rule shall apply to arbitration claims filed on or after March 25, 2002. Except as otherwise provided in this Rule, the remaining provisions of the Code shall apply to proceedings instituted under this Rule.



## NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.
## ARBITRATION

NASD-DR Arbitration No. _____

In the Matter of the Arbitration Between:

American Express Financial Advisors Inc.,

                Claimant,

vs.

Neil H. Gendreau,

                Respondent.

**STATEMENT OF CLAIM**

Claimant American Express Financial Advisors, Inc. ("AEFA") for its Statement of Claim against Respondent Neil Gendreau ("Gendreau") hereby incorporates all of the allegations and arguments set forth in the Complaint and Exhibits, Memorandum of Law, and Affidavits in support of American Express' request for immediate injunctive relief, as filed by American Express with the United States District Court for the District of Massachusetts in the underlying lawsuit. Copies of the Complaint and Exhibits, Memorandum of Law, and contemporaneously filed Affidavits are attached hereto and are incorporated herein by this reference. Because the nature of this dispute involves time-sensitive non-compete issues, American Express respectfully requests expedited treatment of this claim under Rule 10335.

WHEREFORE, American Express respectfully requests that the Panel grant the following relief:

        A.    Direct Gendreau to:

    (i) Cease representing himself, and holding himself out, as a franchisee of American Express;

    (ii) Cease using American Express' Proprietary Marks;

    (iii) Cease using American Express' signs and advertising materials and to immediately remove all signs or other Proprietary Marks from his place of business;

    (iv) Cease using American Express' Confidential Information, confidential methods, procedures, and techniques; and

    (v) Disconnect all telephone numbers used while affiliated with American Express, including facsimile numbers.

   B. Direct Gendreau to immediately return all copies of American Express documents, including all American Express client records, financial plans, financial inventories and American Express computer software, in Defendant's possession or control.

   C. Direct Gendreau to immediately, under the supervision of American Express, erase, destroy, or remove such software from their computers.

   D. Enjoin Gendreau, his agents, servants, employees, officers, attorneys, successors, and assigns, and all persons, firms, and corporations acting in connection or participation with him or on his behalf, from:

    (i) For a period of one year, directly or indirectly, soliciting any further business from any American Express client whom Respondents served or whose name became known to Respondent while Respondent represented American Express;

    (ii) Revealing or disclosing in any manner information contained in the records or files of American Express, including the names, addresses, or any financial

information of any American Express client whom Respondent served or whose name became known to Respondent while Respondent represented American Express;

        (iii)    Encouraging or inducing any American Express client whom Respondents served or whose names became known to Respondent while Respondent represented American Express, who have not already transferred their accounts from American Express, to terminate any agreement or relationship with American Express or to withdraw any investment or account currently with American Express for one year;

    F.    Direct Respondent to provide American Express with an accounting of all fees and commissions received by Respondent, directly or indirectly, after his resignation from American Express, from any American Express client whom Respondent served or whose name became known to him while he represented American Express;

    G.    Direct Respondent to segregate all receipts from, and to maintain separate accounts for all services performed for and products sold to, any person who is or was an American Express client whom Respondent served or whose name became known to Respondent while Respondent represented American Express;

    H.    Grant American Express compensatory damages in excess of seventy-five thousand dollars ($75,000.00).

    I.    Award punitive damages as the Panel deems appropriate;

    J.    Award of Attorneys' fees and costs; and

K.  Grant such other relief as the Panel deems appropriate.

DATED: October ___, 2004

                                            Respectfully submitted,

                                            DORSEY & WHITNEY LLP

                                            By:_____
                                                Edward B. Magarian, MN No. 208796
                                                Todd W. Schnell, MN No. 252256
                                                50 South Sixth Street, Suite 1500
                                                Minneapolis, Minnesota 55402
                                                Telephone: (612) 340-2600

                                            ATTORNEYS FOR CLAIMANT AMERICAN
                                            EXPRESS FINANCIAL ADVISORS INC.