UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., ) ) ) ) Plaintiff, ) ) v. ) ) NEIL H. GENDREAU, ) ) Defendant. ) ) | Civil Action No. 04-40221-FDS |

**PRELIMINARY INJUNCTION ORDER**

**SAYLOR, J.**

After a hearing, for good cause shown, and pursuant to Fed. R. Civ. P. 65, defendant Neil H. Gendreau ("Gendreau") is hereby preliminarily restrained and enjoined as follows:

1. **Non-Solicitation of Clients**

    A. **Former AEFA Clients**

       (1) **Definition of "Former AEFA Clients"**

For purposes of this Order, the term "Former AEFA Clients" shall refer to those persons or entities who were formerly clients of American Express Financial Advisors, Inc. ("AEFA") for whom Gendreau served as a financial planner while a franchisee of AEFA and who have subsequently transferred assets or investments such that they are now clients of Fusion Financial Group and/or National Financial Planners (collectively, "NFP") or Gendreau and for whom Gendreau presently serves as a financial planner as an affiliate of NFP.

       (2) **Provision of List**

Within 24 hours of the date and time of this Order, Gendreau shall provide counsel for

AEFA with a list of Former AEFA Clients.

### (3)     Communication to Former AEFA Clients

Within 24 hours of the date and time of this Order, Gendreau shall provide counsel for AEFA with a draft letter and/or e-mail communication to the Former AEFA Clients. The draft communication shall state, in substance, that Gendreau has terminated his relationship with AEFA; that, as of October 8, 2004, he has become affiliated with NFP; and that if the client wishes to continue to have Gendreau serve as his or her financial planner at NFP, the client must communicate that fact in writing to Gendreau.  Counsel for AEFA shall communicate any comments on or objections to the draft communication to Gendreau immediately, and in no event more than 24 hours after receipt of the draft.  If Gendreau and counsel for AEFA are unable to agree on the contents of the communication, they shall notify the Deputy Clerk forthwith and the court shall determine the form of the communication.  Once the form of the communication is finalized, Gendreau shall send the communication promptly to each of the Former AEFA Clients. All responses from Former AEFA Clients shall be forwarded to counsel for AEFA promptly. Gendreau may engage in limited follow-up with Former AEFA Clients who have not responded to the communication solely for the purpose of attempting to obtain a response.

### (4)     Client Records

Gendreau shall return all records of Former AEFA Clients to AEFA promptly.  Gendreau may retain copies of such records, but only insofar as may be reasonably necessary to provide services to the Former AEFA Clients.

### (5)     Provision of Financial Services

Gendreau may continue to provide financial planning advice to, and otherwise do business

with, any Former AEFA Client who has confirmed in writing or electronically that he or she wishes to continue to have Gendreau serve as his or her financial planner.

### B. Current AEFA Clients

#### (1) Definition of "Current AEFA Clients"

For purposes of this Order, the term "Current AEFA Clients" shall refer to those persons or entities who are presently clients of American Express Financial Advisors, Inc. ("AEFA") for whom Gendreau served as a financial planner while a franchisee of AEFA and who have not transferred assets or investments such that they are now clients of NFP or Gendreau.

#### (2) Non-Solicitation of Current AEFA Clients

Gendreau is ordered not to solicit business from, initiate communication with, or contact any person or any representative of any entity who is a Current AEFA Client, except as provided below.

#### (3) Contact Initiated by Current AEFA Clients

If any Current AEFA Client seeks out Gendreau's services, without having been solicited, prompted, or enticed by Gendreau to do so, Gendreau may provide services to, or otherwise do business with, such a client, on the conditions that he (a) inform the client that he is no longer affiliated with AEFA and that, as of October 8, 2004, he is an affiliate of NFP; and (b) instruct that client to state, as soon as possible, in writing, his or her intent to continue to have Gendreau serve as his or her financial planner at NFP; and (c) instruct that client to state in the same writing the fact that they initiated the communication and the date on which they initiated contact with Gendreau; and (d) promptly forward a copy of that writing, once received, to counsel for AEFA. Upon compliance with those conditions and receipt of the writing from a client, AEFA shall

3

promptly furnish copies of the relevant client files and other information sufficient to permit Gendreau to allow him to provide financial planning services to that client.

### (4)   Cancellation of Appointments

Gendreau may initiate contact with Current AEFA Clients for the sole purpose of cancellation of any outstanding appointments with such clients.  Gendreau may advise any such client that the circumstances of his departure from AEFA are the subject of litigation and arbitration proceedings, but in no event shall Gendreau solicit, prompt, or induce the client to leave AEFA, or state or suggest that the client should initiate a communication with Gendreau pursuant to Section 1(B)(3) above.

### 2.   Return of AEFA Confidential Information

Gendreau is hereby ordered to deliver to AEFA, within five business days of the date of this Order, the following materials:

(a)   all confidential operations manuals provided to him by AEFA, including any manuals, bulletins, and other written policies and procedures setting forth standards regarding quality of advice, client satisfaction, client relations, the conduct of employees, the use of proprietary marks, signage, communications, privacy principles, or processing procedures, and any compensation schedules;

(b)   all other original records of AEFA, including

(1)   the most recent financial plans and recommendations;

(2)   all computer databases and files;

(3)   all correspondence; and

(4)   all instructions relating to the proprietary system of providing financial

4

services to clients developed by AEFA;

(c) all client records, including all records containing client lists; provided, however, that Gendreau may keep copies of records of Former AEFA Clients pursuant to Section 1(A)(4) above; and

(d) any copies of the foregoing, including electronic or computer-generated copies.

3. **Prohibition Against Use of Confidential Information**

Gendreau is further ordered not to make use of any confidential information set forth in the materials listed in Section 2 above, except that Gendreau may make use of confidential information of Former AEFA Clients in accordance with Section 1(A)(4) above.

4. **Return of Software**

Gendreau is further ordered, within five business days of the date of this Order, to do the following:

(a) discontinue use of any proprietary computer software provided to him by AEFA;

(b) deliver to AEFA all such computer software in Gendreau's possession or control and any copies made of such computer software;

(c) erase or destroy any of such computer software contained in the computers or data storage devices under the control of Gendreau; and

(d) remove such computer software from any other computer programs or software in Gendreau's possession or control that incorporates or uses such computer software in whole or in part.

5. **Change of Telephone and Facsimile Number**

Gendreau is further ordered, within five business days of the date of this Order, to change his telephone number and facsimile number, if those numbers are identical to the numbers assigned

to him during his affiliation with AEFA.

### 6. Time Period of Injunction

This preliminary injunction shall remain in effect until 5:00 p.m. on October 7, 2005, or until a final judgment is entered in this matter, whichever comes first; provided, however, that it may be dissolved or modified upon appropriate motion after a final or preliminary ruling in the arbitration proceedings before the National Association of Securities Dealers, Inc., in this matter, or otherwise upon a showing of good cause to this court.

### 7. Persons Enjoined

This Order shall be binding upon Gendreau, his agents, servants, employees, and attorneys, and upon those persons in active concert or participation with him who receive actual notice of the Order by personal service or otherwise.

### 8. Subsequent Confusion or Uncertainty

In the event that Gendreau, and his agents, servants, employees, and attorneys, or AEFA, and its agents, servants, employees, and attorneys should come under any uncertainty or confusion as to the application of this order, the court instructs them to request a telephonic conference with the court and the opposing party to discuss and determine the proper course of conduct under this preliminary injunction order.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: at Worcester, Mass., November 10, 2004, at 4:27 P.M.