# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEIL H. GENDREAU, <br><br> Defendants. | Civil Action No. 4:04-CV-40221 |

## MOTION FOR ORDER RELEASING BOND

The plaintiff, American Express Financial Advisors, Inc. ("American Express") hereby moves for an order releasing the bond it has posted in the above matter. As grounds therefore, American Express States as follows:

1. On or about November 10, 2004, the Court (Saylor, U.S.D.J.) entered a Preliminary Injunction Order in the above matter.

2. American Express was ordered to post a surety bond in the amount of $25,000.00 (twenty-five thousand dollars), and posted said bond with the Court.

3. On or about December 8, 2004, a permanent injunction relating to the above matter was entered by the National Association of Security Dealers ("NASD") Dispute Resolution. (A copy of the Order is attached hereto as Exhibit A.) That Order made permanent the preliminary injunction previously entered by this Court.

4. As the NASD's Order has brought this matter to its conclusion, American Express

requests that the Court enter an order releasing the bond posted by American Express. (For the Court's convenience, a draft order is attached hereto as Exhibit B.)

          Respectfully submitted,
          AMERICAN EXPRESS FINANCIAL
          ADVISORS, INC.

          By its attorneys,

          _____
          Anthony A. Scibelli (BBO #556507)
          C. Alex Hahn (BBO #634133)
          Scibelli, Whiteley and Stanganelli, LLP
          50 Federal Street, Fifth Floor
          Boston, MA 02110
          (617) 227-5725

          -and-

          Edward B. Magarian (MN No. 49219)
          Todd W. Schnell (MN No. 252256)
          DORSEY & WHITNEY, LLP
          50 South Sixth Street, Suite 1500
          Minneapolis, Minnesota 55402
          (612) 340-2600

DATED: January 6, 2005

[Certificate of Service stamp: true copy of the [document] was served upon the [attorney of record for] each other party 1/6/05]



**NASD Dispute Resolution** 
www.nasd.com
Northeast Region
One Liberty Plaza ● 165 Broadway ● 27th Floor
New York NY ● 10006-1400 ● 212-858-4400 ● Fax 212-858-4429



December 9, 2004

Todd W. Schnell
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498

Subject:    NASD Dispute Resolution Arbitration Number 04-07672
            American Express Financial Advisors, Inc., v. Neil H. Gendreau

Dear Mr. Schnell:

Enclosed please find Chairman Robert Ambrogi's Order on Request for Permanent Injunction.

Please contact me if you have any questions.

Very truly yours,

Suzanne E. Green
Arbitration Administrator
NY/212-858-4705   Fax:212-208-7591


SYG:SYG:LC53A
rc:06/02

CC:
    John R. Thompson
    Robert J. Ambrogi, Esq.
    Gregory J. Remmes

RECIPIENTS:
    Todd W. Schnell, American Express Financial Advisors
    Dorsey & Whitney LLP, Suite 1500, 50 South Sixth Street, Minneapolis,
    MN 55402-1498

    Neil H. Gendreau
    415 Boston Pike Road, Suite 213, Shrewsbury, MA 01505-1531

10/8/04

04-7672
page 1 of 5



## Order on Request for Permanent Injunction

### NASD DISPUTE RESOLUTION, INC.

An in-person or telephonic hearing on a request for Permanent Injunction under Rule 10335 of the *Code of Arbitration Procedure*, was held in the matter of:

CLAIMANT(S): AMERICAN EXPRESS FINANCIAL ADVISORS
RESPONDENT(S): NEIL H. GENDREAU
CASE #: 04-07672

The hearing was held on Dec. 6, 2004 (month/date/year). The following individuals participated in the hearing. [list the attending individuals]

Chairperson: ROBERT J. AMBROGI
Panelist: GREG REMMES
Panelist: JOHN R. THOMPSON
Claimant's Representative: TODD W. SCHNELL
#1 Respondent's Representative: NEIL H. GENDREAU
#2 Respondent's Representative: _____
NASD Dispute Resolution Staff: _____

At the hearing for permanent injunction, the following occurred:

1. Respondent Stipulated to continue in effect as a permanent injunction the preliminary injunction entered by the U.S. District Court on Nov. 10, 2004.

2. Respondent A copy of the District Court order is attached and incorporated herein.

3. The parties accepted the panel's composition. (If not, please explain.) YES.

04- 7672
Page 2 of 5

4. In determining the request for permanent injunction the panel used the following legal standard (Select one):
   a. Choice of law as indicated in the parties' agreement; or,
   b. The law of state where events occurred if there is no agreement.

   *Not Applicable, because parties stipulated to entry of permanent injunction.*

5. On Claimant ___American Express Financial___ 's request for permanent injunction, the panel rules as follows (circle and complete all that applies):
   a. (Granted)
   b. Denied
   c. The permanent injunction filed by ___Claimant___ shall become effective:
      i. Upon the expiration of the TRO used by the Court on month/date/year ___11/10/04___ and expire on ___until such further order is entered by the arbitration panel after a hearing on damages or pursuant to agreement of the parties to reach a resolution of this matter.___
      
      ii. ~~Immediately and will expire on (month/date/year)~~. *Pursuant to the parties' stipulation at the hearing, the terms of the Preliminary Injunction Order entered by the U.S. District Court on 11/10/04 shall continue in effect as a Permanent Injunction ordered by this panel. A copy is attached hereto and incorporated herein.*

6. On Respondent _____'s request for the panel rules as follows (circle and complete all that applies):
   a. Granted
   b. Denied
   c. The permanent injunction filed by _____ shall become effective:
      i. Upon the expiration of the TRO used by the Court on (month/date/year) _____ and expire on _____

04-7672
Page 3 of 5

   iii. ~~Immediately and will expire on (month/date/year)~~

   _____

7. The parties are prohibited from seeking an extension of the court's order. ~~Yes or No~~ Not applic.

8. ~~The parties are directed to jointly move the court to modify or dissolve the court order. The parties shall file this motion within _____ days from the date of this order.~~ N/A

9. The panel has scheduled additional hearings to resolve damages and other issues as follows:

   a. ~~The next scheduled hearing session will be held on (month/date/year)~~ _____ at _____ (time). The following dates have also been reserved for this hearing: Within 15 days of receipt of this order, the parties shall notify NASD Dispute Resolution of three mutually acceptable dates and times for a telephonic pre-hearing conference, at which conference the parties shall be prepared to discuss hearing dates, and discovery deadlines.

   b. ~~The arbitrators and parties have tentatively reserved (month/date/year) _____ at _____ (time) for a pre-hearing conference to resolve _____~~

   c. ~~The Chairperson and parties have tentatively reserved _____ (month/day/year) at _____ (time) for a pre-hearing conference to resolve the following discovery matters:~~

   d. ~~If pre-hearing briefs are filed, they must be filed by: _____
Response filed by: _____
Reply filed by: _____~~

04-7672
PAGE 4 of 5

 c. If motions are filed, they must be filed by: _____

  Response filed by: _____

  Reply filed by: _____

10. Other rulings (i.e., arbitration fees, extra fees to be deposited, etc.):
 a. The parties are liable for the increased arbitrator honoraria on the hearing for the permanent injunction as follows: __Equally__.

 b. The parties are liable for the reasonable travel expenses of arbitrator, __N/A__, who traveled outside his or her assigned hearing location as follows:
  Claimant #1 is assessed _____
  Claimant #2 is assessed _____
  Respondent #1 is assessed _____
  Respondent #2 is assessed _____
  Respondent #3 is assessed _____

11. If the parties settle this matter with no further hearings:

 a. The cost of this permanent injunction hearing and any other hearing, including initial pre-hearing conference or pre-hearing conference, will be borne as follows:
  Claimant #1 is assessed __50%__
  Claimant #2 is assessed _____
  Respondent #1 is assessed __50%__
  Respondent #2 is assessed _____
  Respondent #3 is assessed _____

 b. Is this preliminary assessment joint and several?  Yes  or  (No)

 c. If this preliminary assessment is joint and several, state below the parties against whom it is made (circle all that applies):
  i. Claimants only
  ii. Respondents only
  iii. Claimants and Respondents

04-7672
page 5 of 5

> NOTE: Rule 10335(b)(6)(C) provides that chairperson shall receive $375.00 for a single session and $700 for each double session on the permanent injunction, while panelists shall receive $300 for each single session and $600 for each double session. The Rule provides that the parties shall equally pay the difference between the honorarium under IM-10104 and Rule 10335 and that the arbitrators may reallocate this additional amount among the parties in the award. *This increased honorarium applies only to hearing for permanent injunction and does not apply to pre-hearing conferences or the additional hearing on damages or other issues.*
>
> Rule 10335(b)(6)(A) provides that the parties shall jointly bear an arbitrator's reasonable travel-related costs and expenses for required travel to a hearing location other than the arbitrator's primary hearing location(s). The arbitrator may reallocate such costs and expenses among the parties in the award.
>
> If a member firm fails to satisfy an invoice, NASD DR will debit the member firm's CRD account.

This order will remain in effect unless amended by the arbitration panel.

Dated: 12/8/04

_____ (ROBERT J. AMBROGI)
Chairperson's Name and Signature


_____
Panelist's Name and Signature


_____
Panelist's Name and Signature

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN EXPRESS FINANCIAL )
ADVISORS, INC., )
 )
Plaintiff, ) Civil Action No.
 ) 04-40221-FDS
v. )
 )
NEIL H. GENDREAU, )
 )
Defendant. )

## PRELIMINARY INJUNCTION ORDER

SAYLOR, J.

After a hearing, for good cause shown, and pursuant to Fed. R. Civ. P. 65, defendant Neil H. Gendreau ("Gendreau") is hereby preliminarily restrained and enjoined as follows:

1. **Non-Solicitation of Clients**

    A. **Former AEFA Clients**

    (1) **Definition of "Former AEFA Clients"**

    For purposes of this Order, the term "Former AEFA Clients" shall refer to those persons or entities who were formerly clients of American Express Financial Advisors, Inc. ("AEFA") for whom Gendreau served as a financial planner while a franchisee of AEFA and who have subsequently transferred assets or investments such that they are now clients of Fusion Financial Group and/or National Financial Planners (collectively, "NFP") or Gendreau and for whom Gendreau presently serves as a financial planner as an affiliate of NFP.

    (2) **Provision of List**

    Within 24 hours of the date and time of this Order, Gendreau shall provide counsel for

AEFA with a list of Former AEFA Clients.

   (3) **Communication to Former AEFA Clients**

Within 24 hours of the date and time of this Order, Gendreau shall provide counsel for AEFA with a draft letter and/or e-mail communication to the Former AEFA Clients. The draft communication shall state, in substance, that Gendreau has terminated his relationship with AEFA; that, as of October 8, 2004, he has become affiliated with NFP; and that if the client wishes to continue to have Gendreau serve as his or her financial planner at NFP, the client must communicate that fact in writing to Gendreau. Counsel for AEFA shall communicate any comments on or objections to the draft communication to Gendreau immediately, and in no event more than 24 hours after receipt of the draft. If Gendreau and counsel for AEFA are unable to agree on the contents of the communication, they shall notify the Deputy Clerk forthwith and the court shall determine the form of the communication. Once the form of the communication is finalized, Gendreau shall send the communication promptly to each of the Former AEFA Clients. All responses from Former AEFA Clients shall be forwarded to counsel for AEFA promptly. Gendreau may engage in limited follow-up with Former AEFA Clients who have not responded to the communication solely for the purpose of attempting to obtain a response.

   (4) **Client Records**

Gendreau shall return all records of Former AEFA Clients to AEFA promptly. Gendreau may retain copies of such records, but only insofar as may be reasonably necessary to provide services to the Former AEFA Clients.

   (5) **Provision of Financial Services**

Gendreau may continue to provide financial planning advice to, and otherwise do

2

business with, any Former AEFA Client who has confirmed in writing or electronically that he or she wishes to continue to have Gendreau serve as his or her financial planner.

B. **Current AEFA Clients**

(1) **Definition of "Current AEFA Clients"**

For purposes of this Order, the term "Current AEFA Clients" shall refer to those persons or entities who are presently clients of American Express Financial Advisors, Inc. ("AEFA") for whom Gendreau served as a financial planner while a franchisee of AEFA and who have not transferred assets or investments such that they are now clients of NFP or Gendreau.

(2) **Non-Solicitation of Current AEFA Clients**

Gendreau is ordered not to solicit business from, initiate communication with, or contact any person or any representative of any entity who is a Current AEFA Client, except as provided below.

(3) **Contact Initiated by Current AEFA Clients**

If any Current AEFA Client seeks out Gendreau's services, without having been solicited, prompted, or enticed by Gendreau to do so, Gendreau may provide services to, or otherwise do business with, such a client, on the conditions that he (a) inform the client that he is no longer affiliated with AEFA and that, as of October 6, 2004, he is an affiliate of NFP; and (b) instruct that client to state, as soon as possible, in writing, his or her intent to continue to have Gendreau serve as his or her financial planner at NFP; and (c) instruct that client to state in the same writing the fact that they initiated the communication and the date on which they initiated contact with Gendreau; and (d) promptly forward a copy of that writing, once received, to counsel for AEFA. Upon compliance with those conditions and receipt of the writing from a client, AEFA

3

shall promptly furnish copies of the relevant client files and other information sufficient to permit Gendreau to allow him to provide financial planning services to that client.

(4) **Cancellation of Appointments**

Gendreau may initiate contact with Current AEFA Clients for the sole purpose of cancellation of any outstanding appointments with such clients. Gendreau may advise any such client that the circumstances of his departure from AEFA are the subject of litigation and arbitration proceedings, but in no event shall Gendreau solicit, prompt, or induce the client to leave AEFA, or state or suggest that the client should initiate a communication with Gendreau pursuant to Section I(B)(3) above.

2. **Return of AEFA Confidential Information**

Gendreau is hereby ordered to deliver to AEFA, within five business days of the date of this Order, the following materials:

(a) all confidential operations manuals provided to him by AEFA, including any manuals, bulletins, and other written policies and procedures setting forth standards regarding quality of advice, client satisfaction, client relations, the conduct of employees, the use of proprietary marks, signage, communications, privacy principles, or processing procedures, and any compensation schedules;

(b) all other original records of AEFA, including

(1) the most recent financial plans and recommendations;

(2) all computer databases and files;

(3) all correspondence; and

(4) all instructions relating to the proprietary system of providing financial

4

      services to clients developed by AEFA;

 (c) all client records, including all records containing client lists; provided, however, that Gendreau may keep copies of records of Former AEFA Clients pursuant to Section 1(A)(4) above; and

 (d) any copies of the foregoing, including electronic or computer-generated copies.

3. **Prohibition Against Use of Confidential Information**

Gendreau is further ordered not to make use of any confidential information set forth in the materials listed in Section 2 above, except that Gendreau may make use of confidential information of Former AEFA Clients in accordance with Section 1(A)(4) above.

4. **Return of Software**

Gendreau is further ordered, within five business days of the date of this Order, to do the following:

 (a) discontinue use of any proprietary computer software provided to him by AEFA;

 (b) deliver to AEFA all such computer software in Gendreau's possession or control and any copies made of such computer software;

 (c) erase or destroy any of such computer software contained in the computers or data storage devices under the control of Gendreau; and

 (d) remove such computer software from any other computer programs or software in Gendreau's possession or control that incorporates or uses such computer software in whole or in part.

5. **Change of Telephone and Facsimile Number**

Gendreau is further ordered, within five business days of the date of this Order, to change his telephone number and facsimile number, if those numbers are identical to the numbers

5

assigned to him during his affiliation with AEFA.

6. **Time Period of Injunction**

This preliminary injunction shall remain in effect until 5:00 p.m. on October 7, 2005, or until a final judgment is entered in this matter, whichever comes first; provided, however, that it may be dissolved or modified upon appropriate motion after a final or preliminary ruling in the arbitration proceedings before the National Association of Securities Dealers, Inc., in this matter, or otherwise upon a showing of good cause to this court.

7. **Persons Enjoined**

This Order shall be binding upon Goodreau, his agents, servants, employees, and attorneys, and upon those persons in active concert or participation with him who receive actual notice of the Order by personal service or otherwise.

8. **Subsequent Confusion or Uncertainty**

In the event that Goodreau, and his agents, servants, employees, and attorneys, or AEFA, and its agents, servants, employees, and attorneys should come under any uncertainty or confusion as to the application of this order, the court instructs them to request a telephonic conference with the court and the opposing party to discuss and determine the proper course of conduct under this preliminary injunction order.

So Ordered.

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: at Worcester, Mass., November 10, 2004, at 4:27 P.M.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEIL H. GENDREAU, <br><br> Defendants. | **ORDER RELEASING BOND** <br><br> Civil Action No. 4:04-CV-40221 |

The above-entitled matter came on for consideration before the undersigned Judge of the United States District Court for the District of Massachusetts on the 5th day of January 2005, upon the request of plaintiff that this Court order the release of the bond posted by plaintiff in the amount of $25,000.00, as required by the November 10, 2004 Preliminary Injunction Order.

The Injunction was made permanent by stipulation of the parties in a hearing before the NASD on December 6, 2004.

There were no appearances.

This case before this Court is closed; **THEREFORE**

**This Court hereby orders the district court administrator to release the bond posted by Plaintiff.**

DATED: January ___, 2005                    BY THE COURT

                                            _____
                                            F. Dennis Saylor IV
                                            United States District Judge

4840-1039-7184\1 1/5/2005 8:44 AM