**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, INC., f/k/a AMERICAN EXPRESS FINANCIAL ADVISORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEIL H. GENDREAU, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 4:04-cv-40221-FDS |

**APPLICATION FOR SUPPLEMENTARY PROCESS**

The plaintiff, Ameriprise Financial Services, Inc. ("Ameriprise"), f/k/a/ American Express Financial Advisors, Inc., respectfully submits this application for supplementary process pursuant to Mass. Gen. L. c. 224, § 14. For the reasons stated below, Ameriprise requests that a summons issue requiring the defendant/judgment-debtor Neil H. Gendreau ("Gendreau") to appear before the Court and submit to an examination relative to his ability to satisfy the judgment Ameriprise has obtained against him.

**BACKGROUND**

On January 17, 2006, the Court issued a First Execution against Gendreau in this matter for the sum of $59,571.50, plus interest thereon at the rate of 4.19 percent. (A copy of the First Execution is attached hereto as Exhibit A). The issuance of the execution was preceded by the entry of judgment against Gendreau for the sum of $59,571.50 by the Court on October 27, 2005.

Gendreau has failed to date to satisfy any portion of the judgment against him, and Ameriprise has been unable to locate any assets of Gendreau on which it may directly levy.

## ARGUMENT

**I.    The Massachusetts Supplementary Process Statute Allows a "Searching Inquiry" Into the Ability of a Debtor to Satisfy a Perfected Judgment.**

Mass. Gen. L. c. 224, § 14 provides that

> "[a] judgment creditor or a person in his behalf may file in court an application for supplementary process under this chapter. Upon the filing of such an application, a summons may issue, requiring the judgment debtor to appear at a time and place named therein and to submit to an examination relative to his or its property and ability to pay. . .

*See also* Mass. R. Civ. P. 4.3(b), providing that "[s]upplementary process shall be available in the form, manner, and to the extent provided by law."

Supplementary proceedings are entirely proper in the federal district court, and "[t]he design of the statute. . . is 'to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation.' " *Aetna Cas. and Sur. Co. v. Rodco Autobody*, 965 F.Supp. 104, 107 (D. Mass. 1996) (internal cites omitted). If the Court finds the judgment debtor has property which is not exempt under section 34 of Chapter 235, "the court may order the judgment debtor to produce the nonexempt property with interest and costs of execution." *Id.* at 108; Mass. Gen. L. c. 224, § 16 (discussing orders to produce property or make payment).

The Court may also order the judgment debtor to pay the judgment in full or in partial payments and/or may order the judgment debtor to execute and to deliver to the judgment creditor "a transfer, assignment or conveyance thereof" with respect to the

nonexempt property. *Rodco Autobody*, 965 F.Supp. 104 at 108; Mass. Gen. L. c. 224, § 16. Supplementary proceedings may include within their scope orders to garnish the wages of a judgment debtor to the extent not exempt by statute. *Rodco Autobody*, 965 F.Supp. 104 at 108.

### II. Ameriprise Is Entitled to Examine Gendreau on His Ability to Pay and to Have the Court Enter Appropriate Relief Or, in the Alternative, to Have the Court Enter Appropriate Relief in His Absence.

Ameriprise, having perfected a judgment against Gendreau and having obtained an execution, is entitled to collect on its judgment. As it is presently unaware of any assets of Gendreau on which it might directly levy, Ameriprise is entitled to make use of Mass. Gen. L. c. 224, § 14 in the manner set forth above. Accordingly, a summons should issue commanding Gendreau to appear for an examination relative to his ability to pay.

Pursuant to Section 14, the summons must be served at least seven days before the return date. Ameriprise proposes that the return date be on or about **April 17, 2006** (or another date that week convenient to the Court), which will amply satisfy that statutory provision, as well as the provisions of the Massachusetts garnishment statute, Mass. Gen. L. c. 246, § 32(8), which provides for 10 days notice prior to a garnishment proceeding.

To the extent Gendreau fails to appear in response to the summons without reasonable excuse, Ameriprise is still entitled to relief. *See* Mass. Gen. L. c. 224, § 14 ("if the debtor fails to appear at the examination and is a natural person, the examination may proceed and orders may be made in such debtor's absence"). Accordingly, to the extent Gendreau fails to appear, Ameriprise intends to introduce whatever evidence it can

3

concerning assets he may have and/or trustees who hold assets on his behalf, and to request appropriate orders from the Court.

Among the orders Ameriprise intends to request in this regard is a writ of garnishment pursuant to the supplementary process statute and Mass. Gen. L. c. 246, §, 32(8), ordering Gendreau's employer, NFP Securities, Inc., Boston Turnpike Road, Suite 213, Shrewsbury, MA 01545, as trustee, to pay over to Ameriprise 25 percent of any wages paid to Gendreau.[1]  Without limitation, Ameriprise will also request orders for seizure of any non-exempt property held by any other trustee of Gendreau's property held for Gendreau's benefit that Ameriprise is able to locate.  *See* Mass. Gen. L. c. 246, § 1.

## **CONCLUSION**

Ameriprise respectfully requests that this Court issue a summons ordering Neil H. Gendreau ("Gendreau") to appear in Court on April 17, 2006, or as soon as possible thereafter convenient to the Court, and submit to examination relative to his ability to satisfy the judgment Ameriprise has obtained against him.

---

[1] The 25 percent limitation is not part of the Massachusetts statute, which allows garnishment of all wages over $125 per week, but that statute is pre-empted by the federal wage garnishment statute, 15 U.S.C. § 1673(a)(1), to the extent it allows garnishment in excess of 25 percent of the employee's weekly "disposable earnings."  *Rodco Autobody*, 965 F.Supp. 104 at 108.  The term" disposable earnings" consists of the earnings of an individual which remain "after the deduction from those earnings of any amounts required by law to be withheld. "15 U.S.C. § 1672(b); *Rodco Autobody*, 965 F.Supp. 104 at 108.

4

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel was unable to confer with opposing counsel on the subject of this motion as no counsel has yet entered an appearance for the defendant.

        Respectfully submitted,
        AMERIPRISE FINANCIAL
        SERVICES, INC.

        By its attorneys,


          /s/  C. Alex Hahn
        _____
        Brian E. Whiteley (BBO# 555683)
        C. Alex Hahn (BBO# 634133)
        Scibelli, Whiteley and Stanganelli, LLP
        50 Federal Street, 5th Floor
        Boston, MA 02110
        Tel.: (617) 227-5725

            -and-

        Edward B. Magarian (MN No. 49219)
        Mitchell W. Granberg (MN No. 0285687)
        DORSEY & WHITNEY, LLP
        50 South Sixth Street, Suite 1500
        Minneapolis, Minnesota 55402
        (612) 340-2600

DATED: March 28, 2006

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the above document was served upon the following individual at the address listed below by first class mail on March 28, 2006:

Mr. Neil H. Gendreau
415 Boston Turnpike Road, Suite 213
Shrewsbury, MA 01545

/s/
_____
C. Alex Hahn